UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Abdulkadir Y. Warsame,

       Plaintiff,

v.

American Coradius International LLC, and
Crystal Doe,

       Defendants.

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages under the federal Fair Debt Collection Practices Act (FDCPA) and Minnesota law is based on Defendants' harassing, oppressive, abusive, unfair and/or unconscionable conduct, and failure to make required disclosures, in connection with the collection of an alleged debt.

## PARTIES

2. Plaintiff Abdulkadir Y. Warsame is natural person who resides in the city of Bloomington, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant American Coradius International LLC ("ACI") does business in Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. Defendant Crystal Doe, whose real last name is presently unknown to Plaintiff, is a natural person employed by Defendant ACI and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

6. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. Defendants communicated with Plaintiff in connection with the collection of a debt allegedly owed by Plaintiff.

8. The alleged debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or about August 10, 2009, Defendant ACI, through Crystal Doe, telephoned Plaintiff in an attempt to collect the alleged debt.

10. Defendant Crystal Doe failed to meaningfully identify herself.

11. Defendant ACI, through Defendant Crystal Doe, said that Plaintiff owed a debt.

12. Plaintiff said that he would have to call Defendants back.

13. Defendant ACI, through Defendant Crystal Doe, threatened that if Plaintiff did not call back, she would put her foot on his neck and make him pay the entire balance.

14. Defendants failed to disclose in any communication with Plaintiff that any information obtained would be used for the purpose of collecting the alleged debt.

15. Defendants never provided Plaintiff with the notice required by 15 U.S.C. § 1692g(a).

16. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation emotional distress.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692d, 1692d(1), 1692d(2), 1692d(6), 1692e, 1692e(5), 1692e(11), and 1692g(a).

18. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

19. Defendants' foregoing actions and omissions in connection with its attempts to collect the alleged debt violated numerous and multiple provisions of the FDCPA,

including without limitation 15 U.S.C. §§ 1692d, 1692d(1), 1692d(2), 1692d(6), 1692e, 1692e(5), 1692e(11), and 1692g(a).

20. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages not limited to emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

21. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendants $1,000 in statutory damages and reasonable attorney's fees and costs.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

   a.) Plaintiff's actual damages;

   b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

   c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and

   d.) Such other and further relief as may be just and proper.


Dated:  11/23/09                    **GOOLSBY LAW OFFICE, LLC**

                                    By:       s/John H. Goolsby
                                    John H. Goolsby, #0320201
                                    2021 East Hennepin Avenue, Suite 195
                                    Minneapolis, MN 55413
                                    Telephone:  (612) 331-8700
                                    jgoolsby@goolsbylawoffice.com
                                    **Attorney for Plaintiff**

# VERIFICATION OF COMPLAINT
# AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA             )
                               ) ss
COUNTY OF HENNEPIN             )


I, Abdulkadir Y. Warsame, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I am bringing this civil Complaint in good faith and solely for the purposes set forth in it.


                                                 s/Abdulkadir Y. Warsame
                                                  Abdulkadir Y. Warsame


Subscribed and sworn to before me

this 23d day of November, 2009.


       s/John H. Goolsby
Notary Public